# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 21-539V

| | |
|---|---|
| MICHAEL MATTIONI,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT [1]

On January 11, 2021, Michael Mattioni filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of a Tetanus, Diphtheria, and acellular Pertussis ("Tdap") vaccine received on July 1, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Because entitlement was contested in Respondent's Rule 4 Report, ECF No. 31, Petitioner was ordered to file a combined Response to Respondent's Rule 4 Report and Motion for ruling on the record addressing whether Petitioner has established that he met the Act's severity requirement pursuant to Section 11(c)(1)(D).[3] Petitioner filed his motion and response on October 10, 2023. ECF 33. The parties were subsequently notified that I would resolve this dispute via an expedited hearing, which took place on September 5, 2025. ECF No. 34.

Petitioner argues that he has established that he suffered the sequela of his SIRVA for more than six months after the administration of a Tdap vaccine, as required by Section 11(c)(1)(D)(i), while Respondent denies the evidence so preponderates (although he challenges no other claim elements). ECF Nos. 31, 33.

After considering the arguments of both sides and questioning the parties in regard to the disputed issue at the expedited hearing on September 5, 2025, I issued an oral ruling on entitlement constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement. I incorporate herein my prior discussion in Section III (A) of *Tully v. Sec'y of Health & Hum. Servs.,* No. 21-1998V, 2024 WL 4533515, at *6-8 (Fed. Cl. Spec. Mstr. Sept. 20, 2024) to the instant Ruling. Additionally, the official recording of my oral ruling includes my discussion of specific facts relating to Petitioner's claim that further informed my resolution of this matter.

Based on my review of the complete record as a whole, and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) of the Vaccine Act I find that Petitioner has established that he suffered the sequela of his injury for more than six months after the administration of his Tdap vaccination as required by Section 11(c)(1)(D)(i). I further find that all SIRVA Table requirements are met (*see* 42 C.F.R. §§ 100.3(a)(I)(C), 100.3(c)(10)). Additionally, Petitioner has established the other claim requirements listed in Section 11(c), *i.e.,* receipt of a covered vaccine, etc. *See generally* § 11(c)(1)(A)(B)(E). I therefore find that Petitioner is entitled to compensation in this case.

---

[3] The Vaccine Act's "severity requirement," requires a petitioner demonstrate that they:

> (i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

Section 11(c)(1)(D).

Based on the entire record, I find that Petitioner has provided preponderant evidence satisfying all requirements for a Table SIRVA. Petitioner is entitled to compensation. A Damages Order will issue.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
