# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-539V**

| | |
|---|---|
| MICHAEL MATTIONI,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 14, 2026 |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Michael Mattioni filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – shoulder injury related to vaccine administration - as the result of a Tetanus, Diphtheria, and acellular-Pertussis vaccine received on July 1, 2020. Petition at 1. On November 5, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 25.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,722.43 (representing $19,947.60 in fees plus $1,774.83 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed April 7, 2026, ECF No. 48. Furthermore, counsel for Petitioner filed a signed statement indicating that Petitioner incurred no personal out-of-pocket expenses. ECF No. 47.

Respondent reacted to the motion on April 8, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No.49. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, as explained below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

The rates requested for work performed through the end of 2025 are reasonable and consistent with prior determinations, and will therefore be adopted. Petitioner has also requested an hourly rate of $425.00 for work performed in 2026 by attorney Bridget McCullough, which represents a $25.00 dollar increase from the previous year. I find the proposed increased rate to be reasonable, and it shall be adopted herein.

Most of the time billed to the matter was also reasonably incurred. However, attorney McCullough billed 1.20 hours at her regular rate of $275.00 for 2021, and 0.50 hours in this matter at her regular rate of $350.00 for 2023, for work more properly categorized as paralegal tasks.[3] Although the work performed was reasonable, it must be billed at non-attorney rates due to the nature of the task performed. It is well established in the Program that "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Accordingly, I hereby reduce attorney McCullough's hourly rate to that of a paralegal's rate for the 1.70 hours she billed on such tasks more properly categorized as paralegal work. **Application of the foregoing reduces the amount of fees to be awarded by $210.10.**[4]

**ATTORNEY COSTS**

Petitioner has requested a total of $1,774.83 in litigation costs. Such costs are associated with obtaining medical records, the Court's filing fee, postage costs and travel expenses. I have reviewed the requested costs and find the majority of them to be

[3] Entries considered paralegal in nature include preparing exhibits, drafting notice of filing and statement of completion. See billing entries dated: 02/09/24 and 02/27/2024. ECF No. 32 at 7.

[4] This amount is calculated as follows: ($275 - $172 = $103 x 1.20 hrs = $123.60) + ($275 - $172 = $173 x 0.50 hrs = $86.50) = $210.10.

reasonable - with the exception of certain travel expenses incurred by attorney McCullough.

Like attorney's fees, costs incurred in a Vaccine Act matter must be shown to be reasonable. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that Petitioner's attorney traveled from Dresher, PA to Washington, D.C. from September 4-5, 2025, for an in person hearing. Attorney McCullough stayed overnight at the Willard Intercontinental, a luxury hotel, in Washington, D.C. ECF No. 48 at 24. Petitioner requests reimbursement of $583.49 for the overnight stay, including meals charged to the room. It appears the nightly room charge at the Intercontinental was $422 per night on September 4, 2025, not including sales, county, and city taxes. This amount exceeds the federal government's daily lodging rates for a hotel stay in Washington, D.C, which was most recently $275.00 per night in September 2025.[5]

While travel costs related to a Program claim are generally compensable, excessive costs claimed for luxury hotels are not. Accordingly, I find the total amount claimed for the luxury hotel stay to be excessive and hereby apply a reduction to the per diem rate of $275.00 per night as a fair adjustment to account for this issue**. Application of the foregoing reduces the total amount of costs to be awarded by $147.00**.[6]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of <u>$21,365.33</u> (representing $19,737.50 in fees plus $1,627.83 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

[5] Per diem information can be found https://www.gsa.gov/travel/plan-book/per-diem-rates

[6] This amount is calculated as follow: $422 - $275 = $147.00

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master